Raymond J. Tittmann, No. 191298
rtittmann@wargofrench.com
Edward J. Valdespino No. 272754
evaldespino@wargofrench.com
**WARGO FRENCH LLP**
601 S. Figueroa St., Ste. 4625
Los Angeles CA 90017
Telephone:  310.853.6355
Facsimile:   310.853.6333

Attorneys for Plaintiff
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL E.L. BUTLER a/k/a BLACK JEANS,<br><br>    Defendant. | Case No.<br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF |

Plaintiff American Bankers Insurance Company of Florida ("American Bankers"), by and through its undersigned attorneys, hereby brings this action for declaratory relief and alleges as follows:

## I.     INTRODUCTION

1.     By way of this Original Complaint, American Bankers seeks a declaration and order that there is no coverage for Russell E.L. Butler under American Bankers Policy No. RIN4580577 (the "Policy") in regards to the allegations and events alleged in the matter styled *In re Ghost Ship Fire Litigation*, Case No. RG16843631 in the Superior Court of the State of California, County of Alameda (and related cases) (the "Underlying

Case No.

Matters") and that American Bankers does not owe any duty under the Policy to defend or indemnify Mr. Butler.

## II.   JURISDICTION AND VENUE

2.   The Court has personal jurisdiction over Mr. Butler because he is a citizen of the state of California and has purposefully availed himself of the State of California by committing such acts and omissions within the State of California such that he could reasonably expect to have court actions filed against him within the jurisdiction sufficient to satisfy 28 U.S.C. § 1331.

3.   The Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, and under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such a declaration, whether or not further relief is or could be sought."

4.   Venue is proper for this action pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to this claim" for declaratory relief occurred within the Northern District of California, Oakland Division

## III.   FACTUAL BACKGROUND.

**A.   The Policy**

5.   American Bankers issued rental policy No. RIN4580577, effective 06/09/2016 to 06/09/2017 to Tyler Watson and Russell Butler (the "Policy"). The Policy has a $100,000 Personal Liability per occurrence limit. A true and correct copy of the Policy is attached hereto as **EXHIBIT A**. The Policy provides, in pertinent part:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E – Personal Liability**

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, [American Bankers] will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense *by counsel of our choice*, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.  (emphasis added)

6. The Policy contains the following exclusions applicable to Section II:

### SECTION II – EXCLUSIONS

1. **COVERAGE E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage":

   . . .

   b. Arising out of or in connection with a "business" engaged in by an "insured". This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business";

   . . .

   d. Arising out of the rendering of or failure to render professional services;

7. The Policy contains the following relevant definitions:

### DEFINITIONS

In this policy "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

1. "Bodily injury" means bodily ham, sickness or disease, including required care, loss of services and death that results.

2. "Business" means:

   a. A trade, profession or occupation engaged in on a full-time, part-time

        or occasional basis; or

  b. Any other activity engaged in for money or other compensation, except the following:

    (1) One or more activities, not described in items (2) through (4) below, for which no "insured" receives more than $2,000 in total compensation for the 12 months before the beginning of the policy period;

    (2) Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity;

    (3) Providing home day care services for which no compensation is received, other than the mutual exchange of such services; or

    (4) The rendering of home day care services to a relative of an "insured".

3. "Insured" means you and residents of your household who are:

  a. Your relatives; or

  b. Other persons under the age of 21 and in the care of any person named above.

. . .

6. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

  a. "Bodily injury"; or

  b. "Property damage".

**B.    The Underling Matters**

8.    The Underlying Matters arise from a structure fire that occurred on December 2, 2016 at 1315 31st Avenue, Oakland California, commonly referred to as the "Ghost Ship Fire," which resulted in thirty-six deaths and many other serious injuries. Plaintiffs in the Underlying Matters are individuals who were injured and heirs of individuals who died in the fire (the "Underlying Plaintiffs"). The Underlying Plaintiffs have filed numerous lawsuits naming multiple defendants including Mr. Butler.

9. Upon information and belief, Mr. Butler is currently a defendant in at least three of the Underlying matters including, *Gregory v.Ng*, Case No. RG16843631, *Porter v. Ng*, Case No. RG17860470, and *Kelber v. Ng*, Case No. RG17861368. The Underlying Matters have been consolidated and styled *In re Ghost Ship Litigation* with Case No. RG16843631 being designated as the Master Complaint. Plaintiff's Second Amended Mater Complaint was filed on January 19, 2018 (the "Master Complaint"). A true and correct copy of the Master Complaint is attached hereto as **EXHIBIT B**.

10. The Master Complaint alleges that "RUSSELL E.L. BUTLER, also known as BLACK JEANS, is a natural person who is, and at all times relevant hereto, was conducting substantial business in the State of California, including the County of Alameda. . . . BUTLER was involved in the planning, organization, promotion, sale, marketing, advertising, provision of security and provision of entertainment of the event at the Ghost Ship, and is an artist who is represented, managed/or employed by OPAL RECORDS." Exhibit B, ¶ 28.

11. The Master Complaint alleges that "OPAL RECORDS is a music label based in the United Kingdom whose artists include BUTLER" and "was conducting substantial business in the State of California, including the County of Alameda." *Id*. at ¶ 29.

12. The Mater Complaint alleges further that Mr. Butler, among others, "promoted, marketed, sold tickets at, leased, rented, performed at, controlled, secured, operated, developed, designed, engineered, maintained, managed, inspected, and/or provided services at the Ghost Ship and the adjacent surrounding premises, where entertainment was provided on December 2, 2016." *Id*. at ¶21.

13. The Master Complaint alleges that the Ghost Ship "had an open, obvious and known history of having public events and parties inside, outside and on the roof top, and charging an entrance fee to the events," and specifically alleges that Mr. Butler, among others, "organized and/or managed the music event at the Ghost Ship as part of the '100% Silk West Coast Tour" and "charged an entrance fee of $10 before 11:00 pm and $15 after 11:00 pm to enter the Ghost Ship on December 2, 2016." *Id*. at ¶¶ 63, 106 and 108.

14. The Master Complaint alleges that the music event on December 2, 2016 "was heavily promoted, including on social media," by Mr. Butler and others, "starting at least one month prior to the event." The Master Complaint attaches "[o]ne of the promotional 'flyers,' which was posted through social media" which lists Mr. Butler as one of the musicians scheduled to perform at the event. *Id.* at 107.



15. The Master Complaint alleges that "the promotion and marketing efforts resulted in drawing a large crowd" and that "[m]ost of the Decedents and Plaintiffs who were injured or damaged as a result of the Ghost Ship fire, purchased a ticket and were at the Ghost Ship on the evening of the [sic] December 2, 2016, as a paying patron of the music event." *Id.* at ¶¶ 109-110.

16. The Master Complaint alleges ten separate causes of action, seven of which are alleged against Mr. Butler including Negligence, Premises Liability, Negligent Hiring, Public Nuisance, Survival, Negligent Infliction of Emotional Distress, and Intentional Infliction of Emotional Distress. All of the allegations against Mr. Butler stem from Plaintiffs' allegations that Mr. Butler was an organizer, promoter and performer at the December 2, 2016 music event at the Ghost Ship. *See generally* EXHIBIT B.

17. In addition to the allegations in the Master Complaint, Mr. Butler has held himself out as a professional musician on social media since at least 2009 as well as in numerous articles and interviews. Upon information and belief, Mr. Butler is signed to the Opal Tapes and Jacktone Records labels.

### C. There Is No Coverage For Mr. Butler Based On The Allegations Against Him in the *In re Ghost Ship Fire* Litigation (and Related Cases)

18. On August 11, 2017, Mr. Butler, through his attorney, tendered defense and indemnity to American Bankers for the claims against him in the *In re Ghost Ship Fire Litigation* (and related cases).

19. On November 7, 2011, American Bankers accepted Mr. Butler's tender of defense and indemnity subject to a full reservation of rights, including the right to contest coverage.

20. Pursuant to the terms of the Policy and the allegations in the Master Complaint, there is no coverage for Mr. Butler for the claims made against him. All of the allegations against Mr. Butler in the Master Complaint arise out of or in connection with his activities as a professional musician who was scheduled to perform at, and allegedly organized, promoted, and operated, the music event at the Ghost Ship on December 2, 2016.

21. The claims against Mr. Butler for damages because of "bodily injury" caused by an "occurrence" all arise out of or in connection with a "business" engaged in by Mr. Butler as defined by the Policy. As such, coverage for the claims asserted against Mr. Butler in the Underlying Matters is specifically excluded and American Bankers has no duty to defend or indemnify Mr. Butler in relation to those claims.

### IV. FIRST CAUSE OF ACTION
(Declaratory Relief—Defense and Indemnity)

22. American Bankers incorporates each and every allegation of the preceding paragraphs as though fully set forth herein.

23. An actual case or controversy now exists between American Bankers on the one hand and Russell E.L. Butler on the other hand as to whether American Bankers owes a duty to defend and indemnify Mr. Butler with respect to the Underlying Matters.

24. American Bankers seeks a declaration that there is no coverage and it does not owe a duty to defend or indemnify Mr. Butler in the Underlying Matters pursuant to the specific terms of the Policy.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Bankers Insurance Company of Florida prays for the following relief:

1. For a declaration and order that there is no coverage for the claims asserted against Mr. Butler in the matter styled *In re Ghost Ship Fire Litigation* (and related cases) under American Bankers Policy No. No. RIN4580577 and that American Bankers does not owe defense or indemnity to Mr. Butler in relation to those matters;

2. For costs and fees incurred herein;

3. For any such other relief as the Court deems just and proper.

Dated:  March 30, 2018              WARGO FRENCH LLP


                                    By: /s/ Edward J. Valdespino
                                        Raymond J. Tittmann
                                        Edward J. Valdespino

                                    Attorneys for Plaintiff
                                    AMERICAN BANKERS INSURANCE
                                    COMPANY OF FLORIDA