R. MORGAN GILHULY (SBN 133659; mgilhuly@bargcoffin.com)
DAVID M. METRES (SBN 273081; dmetres@bargcoffin.com)
BARG COFFIN LEWIS & TRAPP, LLP
600 Montgomery Street, Suite 525
San Francisco, California 94111
Telephone: (415) 228-5400
Fax: (415) 228-5450

Attorneys for Defendant
Russell E.L. Butler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUSSELL E.L. BUTLER a/k/a BLACK JEANS,<br><br>　　　　Defendant. | Case No. 3:18-cv-01973-WHA<br><br>**DEFENDANT RUSSELL E.L. BUTLER'S NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION**<br><br>Date:　August 2, 2018<br>Time:　8:00 a.m.<br>Court: Hon. William H. Alsup, Ctrm. 12 |

## NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION

TO THE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 2, 2018, at 8:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 12 of the above-entitled court, Defendant Russell E.L. Butler will move and does hereby move this Court to stay or dismiss this action. This motion is made on the grounds that requiring Butler to defend this action at this time will prejudice Butler's defense of claims that are currently pending against him in the Alameda County Superior Court, and in which Plaintiff American Bankers Insurance Company of Florida is providing a defense to Butler, its insured. The insurance coverage issue in this action is at the very core of the plaintiffs' claims against Butler in the state court actions, and requiring Butler to litigate this case will harm his defense of the state court actions. Therefore, under California law, which applies in this diversity action, this action should be stayed or dismissed.

This motion is based on this Notice and Motion, the accompanying Declaration of R. Morgan Gilhuly, the pleadings and documents on file in this action, and on such other matter as the Court may permit or require to be submitted.

DATED:  June 28, 2018                    BARG COFFIN LEWIS & TRAPP, LLP


By:  _____s/R. Morgan Gilhuly_____
       R. MORGAN GILHULY

Attorneys for Defendant Russell E.L. Butler

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Russell E.L. Butler ("Butler") respectfully requests that this Court stay or dismiss this declaratory relief action. Plaintiff American Bankers Insurance Company of Florida ("American Bankers") seeks a declaration that it has no duty to defend or indemnify Butler in state court cases pending in Alameda County Superior Court (the "State Court Actions"). The plaintiffs in the State Court Actions ("Plaintiffs") seek to hold Butler, among many others, responsible for deaths and injuries sustained as a result of the tragic Ghost Ship fire that occurred in Oakland on December 2, 2016. Plaintiffs allege in a "Master Complaint"[1] that Butler organized, promoted, and was scheduled to perform music at an event at the Ghost Ship building on the night of the fire.

This action should be stayed or dismissed because requiring Butler to participate in this action at this time could, and almost certainly would, seriously prejudice Butler's defense of the claims in the State Court Actions. The insurance coverage issue in this action is whether Butler was engaged in a "business," as defined in the American Bankers insurance policy, in relation to the Ghost Ship Fire. That factual issue—whether Butler was engaged in a business—will be at the very core of the Plaintiffs' claims against Butler in the State Court Actions. Plaintiffs in those cases have alleged and will seek to prove that Butler organized, promoted, and was conducting business at the Ghost Ship on the night of the deadly fire in order to prove that Butler had a legal duty of care to Plaintiffs. If he was not conducting a business, then he, like the other victims present at the Ghost Ship on the night of the fire, was simply an invitee, with no duty to take safety precautions for the benefit of the Plaintiffs.

Thus, American Bankers will be attempting to establish facts in this case that are at the

---

[1] Second Amended Master Complaint, *In re Ghost Ship Fire Litigation*, Case No. RG16843631 and related cases, Alameda Cty. Super. Ct. (filed Jan. 19, 2018). The Second Amended Master Complaint is attached as Exhibit B to the Complaint in this action, ECF No. 1-2, and is hereafter referred to as the "Master Complaint." A copy of the Master Complaint is provided for the Court's convenience as Exhibit C to the accompanying Declaration of R. Morgan Gilhuly.

heart of Plaintiffs claims against Butler in the State Court Actions. The courts have consistently stayed or dismissed an insurer's declaratory relief action to prevent this type of prejudice. Accordingly, Butler respectfully requests that this Court stay or dismiss this action.

## II.   STATEMENT OF ISSUE TO BE DECIDED

Whether this action should be stayed or dismissed.

## III.   FACTUAL BACKGROUND

On December 2, 2016, a fire occurred at the warehouse structure at 1315 31st Avenue in Oakland, California, known as the "Ghost Ship." (Master Complaint, ¶ 1.) On that evening, Plaintiffs allege, a number of individuals and companies, including Butler, had planned an art and music event, and had invited a number of local musicians, including Butler, to perform. (*Id.*, ¶¶ 110-114.) The Ghost Ship fire resulted in the deaths of thirty-six individuals and injuries to many more. (*Id.*, ¶ 5.) Multiple lawsuits—the State Court Actions—were filed in Alameda County Superior Court regarding the fire and the resulting injuries and deaths. (Complaint, ¶ 8.[2]) Butler is named as a defendant in three of those lawsuits. (*Id.*, ¶ 9.)

An essential element of Plaintiffs' negligence claims against Butler in the State Court Actions is that Butler, because he was allegedly engaged in the promotion, organization, and management of the music event, had a legal duty of care to the Plaintiffs. *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996) (legal duty is an essential element of negligence claim); *Delgado v. Trax Bar & Grill*, 36 Cal. 4th 224, 236-36 (2005) (business proprietors have special relationship with invitees and thus duty to take affirmative action to protect invitees from foreseeable harm). The Master Complaint in the State Court Actions alleges that Butler, among others, "promoted, marketed, sold tickets at, leased, rented, performed at, controlled, secured, operated, developed, designed, engineered, maintained, managed, inspected, and/or provided services" at the Ghost Ship. (Master Complaint, ¶ 21.) The Master Complaint further alleges that Butler "was conducting substantial business in the State of California, including the County

---

[2] American Bankers Insurance Company of Florida's Original Complaint for Declaratory Relief ("Complaint"), ECF No. 1. A copy of the Complaint is provided for the Court's convenience as Exhibit A to the accompanying Declaration of R. Morgan Gilhuly.

of Alameda. . . . [and] was involved in the planning, organization, promotion, sale, marketing, advertising, provision of security and provision of entertainment of the event at the Ghost Ship ….." (*Id.* ¶ 28.) Finally, the Master Complaint alleges that "the promotion and marketing efforts resulted in drawing a large crowd" and that "[m]ost of the Decedents and Plaintiffs who were injured or damaged as a result of the Ghost Ship fire, purchased a ticket and were at the Ghost Ship on the evening of the [sic] December 2, 2016, as a paying patron of the music event." (*Id.*, ¶¶ 109-110.)

On August 11, 2017, Butler tendered defense and indemnity of the State Court Actions to American Bankers under Insurance Policy Number RIN 4580577 (the "Policy").[3] (Complaint, ¶ 18.) On November 7, 2017, American Bankers accepted Butler's tender of defense and indemnity, subject to a reservation of rights. (*Id.*, ¶ 19.)

American Bankers filed this action on March 30, 2018, seeking a declaration that "there is no coverage and it does not owe a duty to defend or indemnify Mr. Butler" in the State Court Actions pursuant to the Policy. (*Id.*, ¶ 24.)  American Bankers' theory is that the claims alleged in the State Court Actions are specifically excluded under the Policy because they "arise out of or in connection with a 'business' engaged in by Mr. Butler as defined by the Policy." (*Id.*, ¶ 21.)

Under the terms of the Policy, a "business" is defined, in relevant part, as:

> "a.   A trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or
>
> "b.   Any other activity engaged in for money or other compensation, except the following:
>
> (1)   One or more activities … for which no 'insured' receives more than $2,000 in total compensation for the 12 months before the beginning of the policy

---

[3] The Policy is attached to the Complaint in this action as Exhibit A, ECF No. 1-1.  A copy of the Complaint is provided for the Court's convenience as Exhibit B to the accompanying Declaration of R. Morgan Gilhuly.

period; ...."

(Complaint, Exhibit A, ECF No. 1-1, p. 5 of 43 ("Definitions").)  Butler denies that the Ghost Ship fire claims arose out of a "business" as defined in the Policy. (Answer, ECF No. 15, ¶¶ 20-21.)  At the time of the Ghost Ship fire, Butler was employed full-time as an art installation technician at the San Francisco Museum of Modern Art, and was not engaged in music-making or event promotion for his occupation, profession, or trade.  Rather, music-making was his hobby and passion.

The key fact that Plaintiffs are attempting to prove in the State Court Actions in order to establish a legal duty is essentially the same fact that American Bankers is attempting to establish in this declaratory relief action—that Butler was engaged in a business.  Discovery that American Bankers may pursue in this action, and evidence that it may develop, could and almost certainly would be used against Butler in the State Court Actions.

## IV.  THE COURT SHOULD STAY OR DISMISS THIS ACTION

### A.  American Bankers Is Seeking to Prove Facts That Negate Coverage.

Under California law, an "insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993) (quotation omitted) ("*Montrose I*"). The duty to defend arises upon the tender of the defense to the insurer and continues until the insurer establishes that the facts "conclusively negate the potential for coverage." *GGIS Insurance Services, Inc. v. Superior Court*, 168 Cal. App. 4th 1493, 1505 (2008).  To prevail in a declaratory relief action, "the insured must prove the existence of *a potential for coverage*, while the insurer must establish *the absence of any such potential*.  In other words, the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it *cannot*." *Montrose I*, 6 Cal. 4th at 300 (emphasis in original). Here, American Bankers has filed this case in an attempt to establish facts that will negate the potential for coverage, and obtain a judicial declaration regarding its duty to defend Butler.

### B. This Court Has Discretion to Grant a Motion to Dismiss or Stay a Declaratory Judgment Action.

The District Court has discretion to grant or deny a motion to stay or dismiss a declaratory judgment proceeding before trial or after all arguments have drawn to a close "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283-88 (1995); *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494-95 (1942); *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). There is no presumption for or against abstention in declaratory relief actions seeking resolution of insurance coverage disputes. *Dizol*, 133 F.3d at 1225.

"A federal court sitting in diversity over a state law claim applies the law of the state where it is located in order to determine whether a stay is appropriate." *Atain Specialty Insurance Co. v. 20 Parkridge, LLC*, No. 15-CV-00212-MEJ, 2015 WL 2226356, at *5 (N.D. Cal. May 11, 2015) (citing *U.S. Fidelity & Guaranty Co. v Lee Investments LLC*, 641 F.3d 1126, 1133-34 (9th Cir. 2011).

### C. A Stay is Warranted Because The Insurer Will Attempt to Establish Facts in This Action That Will Harm Butler's Defense in the State Court Actions.

In declaratory relief actions regarding insurance coverage, a stay is appropriate under California law when the facts at issue in the coverage case are also at issue in the underlying action. *Montrose I*, 6 Cal. 4th at 301. In *Montrose I*, the California Supreme Court expressly approved a lower court's stay of an insurer's declaratory relief action where the insurance coverage questions turned on facts to be litigated in the underlying action:

> "To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action. For example, when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third

>party by intentional conduct, the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious. This is the classic situation in which the declaratory relief action should be stayed."

*Montrose I,* 6 Cal. 4th at 301-02 (citations omitted).

For the same reasons, this action should be stayed. Here, the coverage question—whether Butler engaged in a "business" as defined by the Policy at the time of the Ghost Ship Fire—is directly related to the allegations against Butler in the State Court Actions. American Bankers seeks to deny Butler coverage under the Policy on the ground that the claims against Butler arose out of "a 'business' [as defined by the Policy] engaged in by Mr. Butler." (ECF No. 1, Complaint ¶ 21.) At the same time, the Plaintiffs in the State Court Actions seek to prove that Butler was engaged in a business and therefore had a legal duty to Plaintiffs and their decedents.

This is most certainly not a case where "the coverage question is logically unrelated to the issues of consequence in the underlying case, [and] the declaratory relief action may properly proceed to judgment." *Montrose I*, 6 Cal. 4th at 301. To the contrary, "the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious." *Id.* Was Butler engaged in a "business" that brought the injured and deceased to the Ghost Ship building on the night of the Ghost Ship Fire? Did Butler promote an event at the Ghost Ship, market to an audience, and obtain proceeds from gate admissions on the night of the Ghost Ship Fire? Was Butler involved in the promotion, organization, and management of the 100% Silk West Coast Tour? Did Butler's alleged promotional efforts result in numerous plaintiffs and decedents in the State Court Actions attending the event at the Ghost Ship? All of these questions are key issues identified in the complaint in the State Court Actions, and *all of these* are also raised in the Complaint in this action—with lengthy, verbatim quotations from the Master Complaint in the State Court Actions. (*See* Complaint, ¶¶ 10-16.) Indeed, American Bankers' Complaint plainly acknowledges that the same facts that are in dispute in the declaratory relief action are also in dispute in the State Court actions: "All of the allegations against Mr. Butler [in the State Court Actions] stem from [the State Court] Plaintiffs' allegations that Mr. Butler was an organizer,

promoter and performer at the December 2, 2016 music event at the Ghost Ship." (*Id.* ¶ 16.)

In her concurring opinion in *Montrose I*, Justice Kennard explained the rationale for requiring an insurers' declaratory relief action to be stayed or dismissed:

> "When an insured calls upon a liability insurer to defend a third party action, the insurer as a general rule may not escape the burden of defense by obtaining a declaratory judgment that it has no duty to defend. Were the rule otherwise, the insured would be forced to defend simultaneously against both the insurer's declaratory relief action and the third party's liability action. Because the duty to defend turns on the potential for coverage, and because coverage frequently turns on factual issues to be litigated in the third party liability action, litigating the duty to defend in the declaratory relief action may prejudice the insured in the liability action. To prevent this form of prejudice, the insurer's action for declaratory relief may be either stayed or dismissed."

*Montrose I*, 6 Cal. 4th at 305 (citations omitted).

In its attempt to avoid its defense obligations, American Bankers is essentially demanding that Butler litigate in two courts the factual issues that are at the heart of the Plaintiffs' claims against Butler in the State Court Actions. Discovery and trial in this case will result in American Bankers' seeking every conceivable piece of information regarding Butler's involvement in the Ghost Ship Fire and any potentially business-related action taken by Butler. All of that information will be discoverable by the Plaintiffs in the State Court Actions, and by making its case against Butler, American Bankers will be harming its insured in the underlying litigation.

In *David Kleis, Inc. v. Superior Court*, 37 Cal. App. 4th 1035, 1044-45 (1995), the California Court of Appeals issued a writ of mandate directing the trial court to grant the insured's motion to stay a declaratory relief action. The court explained that a stay of a declaratory relief action is often necessary to prevent an insurer from putting its insured in the unfair position faced by Butler here.

> "'There are three concerns which the courts have about the trial of coverage issues which necessarily turn upon the facts to be litigated in the underlying action.  *First*, the insurer, who is supposed to be on the side of the insured and with whom there is a special relationship, effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit; *second*, such a circumstance requires the insured to fight a two front war, litigating not only with the underlying claimant, but also expending precious resources fighting an insurer over coverage questions – this effectively undercuts one of the primary reasons for purchasing liability insurance; and *third,* there is a real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insured could be collaterally estopped to contest issues in the latter by the results in the former. It is *only* where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist.'"

*David Kleis*, 37 Cal. App. 4th at 1045 (citation omitted, emphasis in original) (quoting *Haskel v. Superior Court*, 33 Cal. App. 4th 963, 979 (1995)).

As in *David Kleis*, allowing this declaratory relief action to proceed will place Butler in an unfair position—having to fight a two-front war against both the Plaintiffs in the State Court Actions and against its insurer in this action, and having to risk the development of facts in this case that can be used to Butler's detriment in the underlying proceedings.

Numerous California District Courts have applied the precedents discussed above and have granted motions to stay declaratory relief actions in insurance coverage cases. *See, e.g., AIG Property Casualty Co. v. Cosby*, No. CV 15-04842-BRO (RAOx), 2016 WL 6662733, at *4 (C.D. Cal. July 15, 2016) (granting motion to stay); *Colony Insurance Co. v. Vantaggio Farming*

9

*Corp.*, No. 1:17-cv-00714-LJO-SKO, 2017 WL 3478998, at *8 (E.D. Cal. Aug. 14, 2017) (same); *Atain Specialty Insurance Co. v. 20 Parkridge, LLC*, No. 15-CV-00212-MEJ, 2015 WL 2226356, at *11 (N.D. Cal. May 11, 2015) (same); *Atain Specialty Insurance Co. v. Hernandez*, No. 2:13-CV-00530-MCE, 2014 WL 295202, at *6 (E.D. Cal. Jan. 24, 2014) (same); *Stonington Ins. Co. v. Adams*, No. 2:16-CV-02577-MCE-DB, 2017 WL 3009206, at *5 (E.D. Cal. July 14, 2017) (same). Because Butler will be prejudiced if this action is not stayed, this court should reach the same conclusion.

## V.  CONCLUSION

This declaratory relief action should be stayed or dismissed pending resolution of the State Court Actions.

DATED: June 28, 2018                BARG COFFIN LEWIS & TRAPP, LLP


By:   s/R. Morgan Gilhuly
      R. MORGAN GILHULY

Attorneys for Defendant Russell E.L. Butler